IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR165 |
| v. | |
| DIRK JOHNSON and LINDA RIASKI, | ORDER |
| Defendants. | |

This matter is before the Court on the defendant Linda Riaski's ("Riaski") Motion to Suppress, Application for Franks[1] Hearing, Request for Evidentiary Hearing, and Request for Oral Argument (Filing No. 50). Defendant Dirk Johnson ("Johnson") later joined the motion (Filing Nos. 87 and 89). After holding an evidentiary hearing, the magistrate judge[2] issued a Findings and Recommendation (Filing No. 108) recommending that their joint motion be denied. *See* 28 U.S.C. § 636(b)(1)(B). Riaski timely objected (Filing No. 109) to the findings and recommendation, and Johnson "join[ed] in full the objections and brief filed by" Riaski (Filing No. 113).

As required by 28 U.S.C. § 636(b)(1), the Court has completed a careful de novo review of the matters to which Riaski and Johnson have objected. Their objections lack merit. The Court agrees with the magistrate judge that Riaski and Johnson have failed to show the facts of this case warrant a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *See United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) (explaining a defendant "must make a substantial preliminary showing of a false or reckless statement or omission and must also show that the alleged false statement or omission was necessary to the finding of probable cause" to be entitled to a *Franks* hearing). The Court also agrees

---

[1] *See Franks v. Delaware*, 438 U.S. 154 (1978).
[2] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

with the magistrate judge that the search warrant in question was supported by probable cause, *see United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007) (explaining "an affidavit is not robbed of its probative effect" if it fails to mention the informant was paid when there is no evidence it impacts their reliability), and that even if there was not, the good faith exception would apply, *see United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) ("Under the good-faith exception, evidence seized pursuant to a search warrant issued by a magistrate that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable.").

Accordingly,

IT IS ORDERED:
1. Defendants Linda Riaski and Dirk Johnson's objections (Filing Nos. 109 and 113) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 108) is accepted in its entirety.
3. Riaski and Johnson's joint motion for a *Franks* hearing and to suppress evidence (Filing Nos. 50) is denied.

Dated this 8th day of April 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge